1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
265 S. Doheny Dr., Suite # 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 310-494-0768
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE QUINONES,<br><br>          Plaintiff,<br><br>     v.<br><br>FIRST PREMIER BANK;<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.; EQUIFAX<br>INFORMATION SERVICES, LLC;<br>and TRANS UNION, LLC;<br><br>          Defendants. | Case No. 5:24-cv-931<br><br>**COMPLAINT FOR DAMAGES**<br><br>**VIOLATION OF THE FAIR<br>CREDIT REPORTING ACT, 15<br>U.S.C. §1681 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

NOW COMES Plaintiff, JORGE QUINONES ("Plaintiff"), by and through his

attorneys, Farah Law, P.C., complaining as to the conduct of FIRST PREMIER

BANK ("First Premier"), EXPERIAN INFORMATION SOLUTIONS, INC.

("Experian"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), and

TRANS UNION, LLC" (TransUnion") (collectively, "Defendants") as follows:

1

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq*.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FCRA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiff is a disabled individual over 18 years-of-age residing in San Bernardino County, California, which is located within the Central District of California.

5. First Premier provides various banking and financial services to consumers nationwide.  First Premier regularly uses the mail, telephone, and credit reporting in its efforts to collect upon past due accounts from consumers across the country, including those residing within the state of California.  First Premier is organized under the laws of South Dakota, with its registered agent located at 601 South Minnesota Avenue, Sioux Falls, South Dakota 57104.

6. Experian "create[s] credit reports by collecting and analysing credit histories," and "share[s] this information with businesses so they can calculate a credit decision, usually using a credit score."[1] Experian is a corporation organized under the laws of the state of Ohio, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. Equifax is "a global data, analytics and technology company"[2] regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity. Equifax is a limited liability company organized under the laws of the state of Georgia, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia.

8. TransUnion "is a global information and insights company"[3] regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity. TransUnion is a limited liability company organized under the laws of the state of Delaware, with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

---

[1] https://www.experianplc.com/about-us/our-business-activities/consumer-services/
[2] https://www.equifax.com/about-equifax/who-we-are/
[3] https://www.transunion.com/about-us/about-transunion

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

10. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSE OF ACTION

11. In or around December 2021, Plaintiff obtained a line of credit through First Premier in order to purchase personal and household goods ("subject debt" or "subject account").

12. Plaintiff always remitted his monthly payments to First Premier on time, and his account was never late.

13. Several months ago, Plaintiff was looking to apply for a line of credit, so he accessed his consumer report through the three major credit reporting agencies ("CRAs") – Experian, TransUnion and Experian, to ensure that there were no derogatory marks on his credit file.

14. Upon reviewing his credit report, however, Plaintiff was taken aback when he noticed that Defendants were reporting the subject debt as a *negative* account.

15. Specifically, Defendants were reporting the subject account as past due between December 2022 and February 2023.

16. Plaintiff was highly confused by Defendants' negative reporting, as again, the First Premier account was never late.

17. Accordingly, Plaintiff contacted First Premier and spoke with a representative who acknowledged that First Premier misapplied three months of payments, which resulted in the erroneous negative reporting of the subject account.

18. First Premier's representative assured Plaintiff that First Premier would correct its inaccuracy and transmit the updated information to the CRAs.

19. Despite First Premier's promises, the CRAs continued to report the subject as a negative account.

20. Accordingly, on or about February 2, 2024, Plaintiff initiated a written credit dispute with the CRAs, in which he informed the CRAs that First Premier misapplied his payments and requested that they cease reporting the subject debt as a negative account.

21. Upon information and belief, First Premier received notice of Plaintiff's written dispute within five days of Plaintiff initiating the dispute with the CRAs. *See* 15 U.S. Code §1681i(a)(2).

22. On or about February 14, 2024, Equifax provided Plaintiff with correspondence proving that Equifax failed to conduct a reasonable investigation into Plaintiff's disputes.

23. Specifically, Equifax continued to report the subject debt as past due between December 2022 and February 2023, when again, Plaintiff notified Equifax that First Premier misapplied his payments for those months.

24. On or about February 20, 2024, TransUnion similarly responded by failing to reasonably investigate Plaintiff's credit disputes.

25. Specifically, TransUnion was also reporting the subject debt as past due between December 2022 and February 2023.

26. While Equifax and TransUnion provided Plaintiff with results indicating that a reasonable investigation was not conducted, Experian entirely failed to provide Plaintiff with any information regarding his dispute.

27. As a result, Plaintiff manually accessed his Experian credit report, and much to his dismay, Experian was also continuing to report the subject debt as a negative account.

28. Despite having actual knowledge that the subject debt was reporting inaccurately, as well as after receiving Plaintiff's dispute, Defendants have continued to incorrectly report the subject debt and have disseminated this inaccurate information to various persons and credit grantors.

29. Any reasonable investigation engaged in by Defendants would and should have revealed the blatant inaccuracies reflected in Plaintiff's credit report.

30. The negative reporting of the subject debt is patently inaccurate and materially given the fact that the account has never been late.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

31. The erroneous and negative reporting of the subject debt paints a false and damaging image of Plaintiff. This has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it erroneously misleads creditors into believing that Plaintiff has negative accounts with creditors that will affect his ability to meet potential future obligations.

32. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

33. As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically: the exacerbation of his physical and medical ailments, loss of sleep, a decreased credit score, the loss of ability to purchase and benefit from a credit line, the loss of credit opportunity, certified mail expenses, frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and mental and emotional pain and suffering.

34. Plaintiff exhausted all efforts to mitigate the inaccuracies in his credit file, but seeing no end to Defendants' unlawful conduct, Plaintiff was forced to retain counsel, and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST FIRST PREMIER)

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

37. First Premier is a "person" as defined by 15 U.S.C. §1681a(b).

38. First Premier is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

39. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

40. The FCRA, pursuant to 15 U.S.C. §1681s-2(b) outlines the duties of a furnisher "after receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency."

41. First Premier violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Plaintiff and the CRAs.

42. First Premier violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Plaintiff and the CRAs pursuant to 15 U.S.C. §1681i(a)(2).

43. Had First Premier reviewed the information provided by Plaintiff and the CRAs, it would have immediately corrected the inaccurate designation of the subject account and would have transmitted the correct information to the CRAs. Instead, First Premier wrongfully confirmed its inaccurate reporting without conducting a reasonable investigation.

44. First Premier violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's disputes with the CRAs.

45. First Premier violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to the CRAs after being put on notice and discovering inaccurate and misleading reporting with respect to the subject debt.

46. First Premier violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's credit file.

47. First Premier failed to conduct a reasonable investigation of its reporting of the subject debt, and/or delete the inaccurate information from Plaintiff's credit file within 30 days of receiving notice of Plaintiff's dispute.

48. Despite the blatantly obvious errors in Plaintiff's credit file, and Plaintiff's efforts to correct the same, First Premier continued to wrongfully furnish and re-report the inaccurate and misleading information to one or more third parties.

49. A reasonable investigation by First Premier would have confirmed the veracity of Plaintiff's dispute.  Not only did Plaintiff never miss a payment with respect to the subject account, but Plaintiff also directly notified First Premier that it

9

misapplied 3 months of payments, and First Premier acknowledged its error and vowed to correct its mistake. Yet, First Premier proceeded to communicate inaccurate and negative information to the CRAs.

50. Had First Premier taken steps to investigate Plaintiff's dispute or the CRAs requests for investigation, it would have corrected the inaccuracies in Plaintiff's credit file.

51. By deviating from the standards established by the debt collection industry and the FCRA, First Premier acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to the CRAs.

52. As set forth in paragraphs 31 through 34, *supra*, Plaintiff has been harmed as a result of First Premier's unlawful practices as described in this Complaint.

WHEREFORE, Plaintiff, JORGE QUINONES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing First Premier to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
#### (AGAINST EXPERIAN)

53. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

54. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

55. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

56. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

57. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

58. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

#### i.  Violations of 15 U.S.C. § 1681e(b)

59. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

60. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

61. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

62. Based on Plaintiff's dispute, which explicitly outlined the fact that First Premier acknowledged that it misapplied 3 months of payments, resulting in the subject account reporting as past due, it is clear that Experian knew that the subject debt should not have been reporting as a negative account. Yet, Experian continued to disseminate false and negative information regarding Plaintiff to one or more third parties.

63. By deviating from the standards established by the credit reporting industry and the FCRA, Experian neglected its duties to report accurate and complete consumer credit information.

64. Despite actual knowledge that the subject debt was never late, Experian readily sold false and negative reports to one or more third parties, thereby painting a false and damaging picture of Plaintiff.

65. Experian's willful refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

66. As pled in paragraphs 31 through 34, *supra*, Plaintiff has been harmed and suffered damages as a result of Experian's illegal actions.

### ii.  Violations of 15 U.S.C. § 1681i- § 1681g

67. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer." *See* 15 U.S.C. §1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. *Id*.

68. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. §1681i(a)(5)(A).

69. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete or correct the information on Plaintiff's credit file.

70. Through his dispute with Experian, Plaintiff provided Experian with indisputable evidence that demonstrated the subject debt was not a negative account.

71. Had Experian conducted any reasonable investigation, it would have corrected its designation of the account.

72. Instead, Experian failed to provide Plaintiff with reinvestigation results, and erroneously verified that the information contained in Plaintiff's consumer reports was accurate.

73. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to First Premier. Upon information and belief, Experian failed to send all relevant information submitted by Plaintiff demonstrating that the subject debt was never past due.

74. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding his disputes of the inaccurate information.

75. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

76. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from First Premier that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

77. Experian violated 15 U.S.C. §1681i(a)(6), as it failed to provide Plaintiff with reinvestigation results regarding his disputes.

78. Experian violated 15 U.S.C. §1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when

Plaintiff tried to access his Experian credit report so he can evaluate his file for inaccuracies.

79. Despite actual knowledge that the subject debt was never late, Experian readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's creditworthiness.

80. As pled in paragraphs 31 through 34, *supra*, Plaintiff has been harmed and suffered damages as a result of Experian's illegal actions.

WHEREFORE, Plaintiff, JORGE QUINONES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## <u>COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT</u>
### (AGAINST EQUIFAX)

81. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

82. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

83. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

84. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

85. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

86. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

### i.    Violations of 15 U.S.C. § 1681e(b)

87. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

88. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

89. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the

consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, Equifax has prepared patently false and materially misleading consumer reports concerning Plaintiff.

90. Based on Plaintiff's dispute, which explicitly outlined the fact that First Premier acknowledged that it misapplied 3 months of payments, resulting in the subject account reporting as past due, it is clear that Equifax knew that the subject debt should not have been reporting as a negative account. Yet, Equifax continued to disseminate false and negative information regarding Plaintiff to one or more third parties.

91. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax neglected its duties to report accurate and complete consumer credit information.

92. Despite actual knowledge that the subject debt was never late, Equifax readily sold false and negative reports to one or more third parties, thereby painting a false and damaging picture of Plaintiff.

93. Equifax's willful refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

94. As pled in paragraphs 31 through 34, *supra*, Plaintiff has been harmed and suffered damages as a result of Equifax's illegal actions.

ii. **Violations of 15 U.S.C. § 1681i- § 1681g**

95. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer." *See* 15 U.S.C. §1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. *Id*.

96. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. §1681i(a)(5)(A).

97. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete or correct the information on Plaintiff's credit file.

98. Through his dispute with Equifax, Plaintiff provided Equifax with indisputable evidence that demonstrated the subject debt was not a negative account.

99. Had Equifax conducted any reasonable investigation, it would have corrected its designation of the account.

100. Instead, Equifax failed to provide Plaintiff with reinvestigation results, and erroneously verified that the information contained in Plaintiff's consumer reports was accurate.

101. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to First Premier. Upon information and belief, Equifax failed to

send all relevant information submitted by Plaintiff demonstrating that the subject debt was never past due.

102. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding his disputes of the inaccurate information.

103. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

104. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from First Premier that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

105. Equifax violated 15 U.S.C. §1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access his Equifax credit report so he can evaluate his file for inaccuracies.

106. Despite actual knowledge that the subject debt was never late, Equifax readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's creditworthiness.

107. As pled in paragraphs 31 through 34, *supra*, Plaintiff has been harmed and suffered damages as a result of Experian's illegal actions.

WHEREFORE, Plaintiff, JORGE QUINONES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST TRANSUNION)

108. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

109. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

110. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

111. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

112. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

113. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

### i.    Violations of 15 U.S.C. § 1681e(b)

114. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

115. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

116. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, TransUnion has prepared patently false and materially misleading consumer reports concerning Plaintiff.

117. Based on Plaintiff's dispute, which explicitly outlined the fact that First Premier acknowledged that it misapplied 3 months of payments, resulting in the subject account reporting as past due, it is clear that TransUnion knew that the subject debt should not have been reporting as a negative account. Yet, TransUnion

continued to disseminate false and negative information regarding Plaintiff to one or more third parties.

118. By deviating from the standards established by the credit reporting industry and the FCRA, Experian neglected its duties to report accurate and complete consumer credit information.

119. Despite actual knowledge that the subject debt was never late, TransUnion readily sold false and negative reports to one or more third parties, thereby painting a false and damaging picture of Plaintiff.

120. TransUnion's willful refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

121. As pled in paragraphs 31 through 34, *supra*, Plaintiff has been harmed and suffered damages as a result of TransUnion's illegal actions.

### ii. Violations of 15 U.S.C. § 1681i- § 1681g

122. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer." *See* 15 U.S.C. §1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. *Id*.

123. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to

verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. §1681i(a)(5)(A).

124. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete or correct the information on Plaintiff's credit file.

125. Through his dispute with TransUnion, Plaintiff provided TransUnion with indisputable evidence that demonstrated the subject debt was not a negative account.

126. Had TransUnion conducted any reasonable investigation, it would have corrected its designation of the account.

127. Instead, TransUnion failed to provide Plaintiff with reinvestigation results, and erroneously verified that the information contained in Plaintiff's consumer reports was accurate.

128. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to First Premier. Upon information and belief, TransUnion failed to send all relevant information submitted by Plaintiff demonstrating that the subject debt was never past due.

129. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding his disputes of the inaccurate information.

130. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

131. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from First Premier that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

132. TransUnion violated 15 U.S.C. §1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access his TransUnion credit report so he can evaluate his file for inaccuracies.

133. Despite actual knowledge that the subject debt was never late, TransUnion readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's creditworthiness.

134. As pled in paragraphs 31 through 34, *supra*, Plaintiff has been harmed and suffered damages as a result of Experian's illegal actions.

WHEREFORE, Plaintiff, JORGE QUINONES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.  Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

Dated: May 3, 2024                    Respectfully submitted,


                                      By: /s/ Neda Farah
                                      Neda Farah, Esq.
                                      **FARAH LAW, P.C.**
                                      265 S. Doheny Dr., Suite # 102
                                      Beverly Hills, California 90211
                                      Telephone: 310-666-3786
                                      Facsimile: 310-494-0768
                                      E-Mail: neda@nedafarahlaw.com

                                      *Counsel for Plaintiff, Jorge Quinones*